UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RONALD CIOFFI, | Case No. C-14-04139-RMW |
| Plaintiff, | |
| vs. | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |
| ALEX AND MARVALYN JAN SOLOMON, both individuals, SOLOMON TECHNOLOGIES SOLUTIONS, INC., a corporation, | Re: Docket No. 10 |
| Defendants. | |

Plaintiff Ronald Cioffi moves to remand this case to Santa Clara County Superior Court pursuant to 28 U.S.C. § 1447(c) and for an award of attorneys' fees for defendants' failure to comply with 28 U.S.C. § 1446(b). Defendants Alex Solomon, Marvalyn Solomon, and Solomon Technologies Inc., (collectively, "defendants") filed a motion to change venue and an opposition to plaintiff's motion to remand. For the reasons stated below, the court GRANTS plaintiff's motion to remand and DENIES the request for fees. Defendant's motion for change of venue is DENIED as moot.

# I. Analysis

## A. Motion to Remand

Plaintiff moves to remand this action to state court because he contends defendants' removal was untimely. Plaintiff argues that four different events triggered the thirty-day window for removal under 28 U.S.C § 1446(b): (1) the initial complaint, filed April 1, 2014; (2) the first amended complaint, filed April 14, 2014; (3) plaintiff's June 20, 2014, declaration; and (4) plaintiff's July 25, 2014, opposition. Dkt. No. 10, at 5. Defendants' removal was filed on September 12, 2014. Dkt. No. 1. Because defendants removed the case more than thirty days after at least one of these events triggered the thirty-day window for removal, Plaintiff contends defendants' removal was untimely.

Defendants argue that none of these four documents sufficiently revealed plaintiff's citizenship. Dkt. No. 14, at 6. Defendants also assert they "should not be penalized for their abundance of caution" in waiting for plaintiff's express written confirmation of his citizenship through responses to discovery, which they received on September 11, 2014, the day before they filed their notice of removal based on diversity of citizenship. *Id.* at 6.

A defendant may remove to federal court those civil actions filed in state court which could have been filed in federal court in the first instance. 28 U.S.C § 1441. Accordingly, an action between diverse parties may be removed to federal court on the basis of diversity jurisdiction under 28 U.S.C § 1332(a).

The removal statute provides defendants with two thirty-day windows in which to remove a case. *See* 28 U.S.C. § 1446(b)(1), (3). First, a defendant may remove a case to federal court for thirty days after the defendant receives the initial pleading. 28 U.S.C. § 1446(b)(1). Second, if the initial pleading does not reveal a basis for removal, then a case may be removed within thirty days of a defendant's receipt of a paper "from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). In the Ninth Circuit, "notice of removability under § 1446(b) is determined through examination of the four corners of the applicable proceedings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life and Casualty Co.,* 425 F.3d 689, 694 (9th Cir. 2005). The court adopted this bright-line approach to avoid collateral litigation over defendants' subjective knowledge and the sufficiency of

ORDER GRANTING MOTION TO REMAND
Case No. C-14-04139-RMW
EDB
- 2 -

1    defendants' inquiry. *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 886 (9th Cir. 2010)
2    (citing *Harris,* 425 F.3d at 697).

3          If the district court does not have subject matter jurisdiction over a removed case, or the case
4    was improperly removed, the court may remand the case back to state court. *Flatwire Solutions,*
5    *LLC v. Sexton,* Case No. 09-07479, 2009 WL 5215757, at *1 (C.D. Cal., Dec.29, 2009) ("Remand
6    may be ordered either for lack of subject matter jurisdiction or for any defect in removal
7    procedure."); *see also* 28 U.S.C. § 1447(c). The courts apply a strong presumption against removal,
8    and all doubts respecting jurisdiction are resolved in favor of remand. *See Gaus v. Miles,* 980 F.2d
9    564, 566 (9th Cir. 1992); *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1064 (9th Cir. 1979).

10         Plaintiff's initial complaint did not trigger the first thirty-day window for removal because it
11   only disclosed plaintiff's residency, not his citizenship. Dkt. No. 11-1, at ¶ 1. Diversity jurisdiction
12   is based on parties' citizenship, not residency. 28 U.S.C. 1332. The first thirty-day period only
13   begins to run if the case stated by the initial pleading affirmatively reveals on its face the grounds
14   for removal—in this case, complete diversity of citizenship. *Harris,* 425 F.3d at 695. Because the
15   initial complaint in this case did not reveal plaintiff's citizenship, defendants were not obligated to
16   remove the case within the first thirty-day window. *See Kanter v. Warner-Lambert Co.*, 265 F.3d
17   853, 857 (9th Cir. 2001) (complaint and notice of removal which stated plaintiffs' residence were
18   insufficient to establish diversity jurisdiction, and did not reveal grounds for removal).

19         If a case is not initially removable based on the face of the complaint, defendant may remove
20   the case within thirty days from the filing of an amended pleading, motion, order, or other paper
21   which reveals the case is removable. *Harris*, 425 F.3d at 694. This second thirty-day window to
22   remove may result from either a change in the parties or other circumstance which renders the case
23   removable, *see, e.g.*, *Owen v. L'Occitane, Inc.*, Case No. 12-09841, 2013 WL 941967, at *4 (C.D.
24   Cal., Mar. 8, 2013), or when the actual facts supporting federal jurisdiction remain unaltered from
25   the initial pleading, but their existence is revealed for the first time in later papers. *Harris*, 425 F.3d
26   at 695.

27         Here, the second window for removal began on July 25, 2014 when plaintiff filed an
28   opposition in state court admitting plaintiff's California citizenship. Dkt. No. 11-6, at 2.

ORDER GRANTING MOTION TO REMAND
Case No. C-14-04139-RMW
EDB
- 3 -

1  Specifically, plaintiff stated that: "Plaintiff Ronald Cioffi's citizenship of California has been
2  disclosed since Plaintiff's first Complaint" and that "Plaintiff's California citizenship is already
3  disclosed in Plaintiff's initial pleading." *Id*. This admission provided defendants notice that the
4  parties were diverse and that the case was therefore removable. Defendants filed a notice of removal
5  in this case on September 12, 2014. Because this removal occurred more than thirty days after July
6  25, 2014, removal was untimely.[1]

7  Defendants argue that plaintiff's refusal to admit his California residency in other contexts
8  and at other times called into question whether he was in fact a California resident, and prompted
9  their further efforts to confirm his residency. Dkt. No. 14, at 6, 9–11. The court finds these
10 arguments unpersuasive. Plaintiff stated in their July 25 opposition that: "Plaintiff Ronald Cioffi's
11 citizenship of California has been disclosed since Plaintiff's first Complaint." Dkt. No. 11-6, at 2.
12 While the fact that his citizenship had been disclosed since the filing of the original complaint may
13 not be strictly true, the statement itself affirmatively indicates that plaintiff is a citizen of California.
14 *See In re Citizens Auto. Fin.*, Case No. 10-05345, 2011 WL 724778, at *5 (N.D. Cal., Feb. 22,
15 2011) (where plaintiffs did not directly respond to defendants' discovery request, which asked
16 plaintiffs to admit to figures quoted by the defendants, but instead sent defendants an email stating
17 that the discovery requests were "improper inasmuch as [they] ostensibly [sought] to 'confirm' what
18 was already in the Complaint," and had been known to defendants for months, the court held that
19 notice of removability resulted from the "objectively reasonable inference that Plaintiffs were
20 confirming that the amount in controversy could exceed CAFA's jurisdictional minimum").

21 No investigation, "subjective knowledge," or "further inquiry" was necessary to allege
22 diversity of citizenship in this case following plaintiff's statements in the July 25 opposition,
23 rendering complete diversity ascertainable and the case removable. *Kuxhausen v. BMW Fin. Servs.*
24 *NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013). While defendants need not make extrapolations or
25 engage in guesswork , the statute "requires a defendant to apply a reasonable amount of intelligence
26 in ascertaining removability." *Id*. A plaintiff's statements and representations, which themselves

---

[1] As the court finds that plaintiff's July 25 opposition revealed grounds for removal, the court need not address whether plaintiff's amended complaint or June 20, 2014 declaration rendered the case removable at an earlier date.

may not directly address the removability of the case, may nevertheless indirectly reveal grounds for removal. For example, in *Harris v. Bankers Life and Casualty Co.*, the plaintiff sued two defendants: Bankers, who was diverse from the plaintiff, and a second, potentially non-diverse, defendant. 425 F.3d at 691. Bankers sought a continuation of the trial date based on the plaintiff's failure to serve or dismiss the second defendant for months after the case was filed and a trial date was set. *Id*. The plaintiff sent Bankers a letter opposing a continuance of the trial, but the letter was silent as to the plaintiff's intentions regarding the absent second defendant. *Id.* at 696. Bankers sought to confirm whether the plaintiff intended to abandon his claims against the second defendant, but the plaintiff never responded. *Id*. Bankers concluded that the plaintiff had dropped his claims against the second defendant and removed the case. *Id*. The Ninth Circuit held removal was proper, and that the case had become removable at the point the plaintiff sent defendant a letter opposing any continuance of the trial. *Id.* at 691–92. Although the plaintiff had never expressly dismissed the non-diverse defendant, plaintiff's letter indicated that he had abandoned his claims against that defendant. *Id.* at 696. At that point, complete diversity existed, and the case was removable. *Id*.

In sum, the court finds that plaintiff's July 25 state court filing revealed his California citizenship. Plaintiff's filing put defendants on notice that the parties were completely diverse and that the case was removable. Defendants thus had thirty days from July 25, 2014 to remove the case. Because defendants' removal fell outside that thirty-day window, this case was untimely removed under Section 1446(b)(3). Accordingly, the court GRANTS plaintiff's motion to remand the case to state court.

### B. Motion for Attorneys' Fees

A court that remands a case to state court based on improper removal has the discretion to "award payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); *see also Gardner v. UICI,* 508 F.3d 559, 561 (9th Cir. 2007). "Absent unusual circumstances, courts may award attorney's fees under section 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.,*

546 U.S. 132, 141 (2005). The court finds that attorney's fees are inappropriate in this case, and the court in its discretion DENIES the request for fees.

## II.  Order

For the reasons explained above, plaintiff's motion to remand is GRANTED and the request for attorneys' fees is DENIED. Defendants' motion for change of venue is DENIED as moot.

Dated:  November 21, 2014



Ronald M. Whyte
United States District Judge